IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| **AJAY LABROO, M.D.,** | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 05-4008 |
| | ) |
| **CARDIOVASCULAR MEDICINE, P.C.,** | ) |
| An Iowa corporation doing business in | ) |
| Illinois as a registered foreign corporation, | ) |
| | ) |
| Defendant. | ) |

**STIPULATED PROTECTIVE ORDER**

This cause coming before this Court upon the parties' Motion for Stipulated Protective Order with respect to the confidentiality of documents produced throughout the course of this litigation, and the Court being fully advised in the premises, and the Court having further found that good cause exists to protect from general disclosure the parties' Confidential Information, therefore, pursuant to Fed. R. Civ. P. 26(c),:

IT IS HEREBY ORDERED THAT:

1. Any party or third party (the "Producing Person") who is called upon to produce or make available to any other party (the "Receiving Party") information or material during the course of this Lawsuit (which, as used herein, shall mean the above-captioned action and any and all post trial proceedings and appeals from this action), which the Producing Person in good faith believes to contain non-public, proprietary, and confidential trade secrets of the Producing Party or of other persons or entities, or that contain or summarize patient medical information, may designate that information or material as "Confidential." All information or material so designated is referred to herein as "Confidential Information." Confidential Information may be

designated as such by stamping or otherwise affixing to any document containing Confidential Information the word "**CONFIDENTIAL**" upon its face.

2.  Confidential Information as designated by the parties pursuant to this Order shall be used solely for this Lawsuit, and shall not be used or disclosed in any other action or matter or for any other purpose whatsoever including, without limitation, the publication, advertisement, or disclosure to any person other than as expressly provided herein, except as otherwise required by law.

3.  Except as otherwise provided by law, Confidential Information as designated by the parties pursuant to this Order shall not be disclosed or made available in any form to any person or party, except to Qualified Persons.  "Qualified person" as used herein means:

(a)  A party hereto or its designated corporate officer (the "corporate designee"); and

(b)  Counsel employed by a party, or a regular employee or support staff of such counsel; and

(c)  Consulting experts or testifying experts, as long as such an expert has signed an acknowledgment in the form of Exhibit A hereto, which signed acknowledgment shall be kept by such party or its attorneys; and

(d)  The Court and any of its staff and personnel; and

(e)  Deponents, court reporters, videographers and third parties retained to provide litigation related services such as graphic, trial exhibit, and photocopy services, but only to the extent necessary for such persons to fulfill their role as a deponent, court reporter, or videographer, or to provide the necessary litigation related service described above.

4. In the event that any Qualified Person ceases to be actively involved in the Lawsuit, access by such person to the Confidential Information shall be terminated. The provisions of this Order shall remain in full force and effect as to all other persons who obtain access to Confidential Information, except as may be specifically ordered by the Court.

5. All persons shown or given any Confidential Information shall be advised of this Order and shall be bound thereby. Further, with the exception of the parties to this case and their corporate designees, attorneys of record in this litigation and the regular employees and support staff of such attorneys, the Court and any of its staff and personnel, deponents, court reporters, videographers and third parties retained to provide litigation related services such as graphic trial exhibit and photocopy services, all Qualified Persons shown or given any Confidential Information shall sign an affidavit in the form attached as Exhibit A prior to their receipt and review of any Confidential Information. The Receiving Party shall keep and maintain the original of any such signed affidavits until the termination of the Litigation, including any and all appeals. The Receiving Party will provide to the Producing Party a copy of such a person's affidavit for good cause shown confirming the then current need of the Producing Party for such affidavit due to a material breach of this Stipulated Protective Order.

6. All Designated Information shall be stored and maintained in a manner that will prevent access to that information by unauthorized persons.

7. This Order shall not prevent a party from applying to the Court for relief therefrom, from applying to the Court to seek either enlargement or restriction of the rights of access to and/or use of materials designated as "Confidential," to challenge the propriety of the designation as to certain information and/or the procedure for handling the same, from applying to the Court for further or additional protective orders, from applying to the Court to modify the

definition of Qualified Persons, or from agreeing between themselves to modifications of this Order, subject to the approval of the Court. Both parties agree to review this Order in good faith periodically, as the need arises, and attempt to resolve specific problems that surface, through joint or stipulated motions to amend the Order, if appropriate.

8. After final disposition of this Lawsuit, the Receiving Parties shall return all copies of any and all Confidential Information received to the Producing Person, or certify in writing that all Confidential Information has been destroyed. However, trial counsel of record may retain copies in confidence of any attorney or expert work product, including deposition transcripts, briefs, and filings with the Court, that contains or reflects Confidential Information.

9. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his or her client with respect to this case or from doing anything necessary to prosecute or defend this case and furthering the interests of his or her clients; provided, however, that the attorney shall not disclose confidential documents or any information derived from such documents where such documents where such disclosure would be contrary to the terms of this Order.

10. This Order does not constitute an evidentiary ruling of any kind whatsoever, and shall not be construed to broaden or narrow any party's obligation to produce information pursuant to the applicable rules of discovery. The parties' request for the entry of this Order shall not be construed as a waiver of any right or objection they may have.

Dated this 29th day of September, 2005.

　　　　　　　　　　　　　　　　　　　　Judge, United States District Court
　　　　　　　　　　　　　　　　　　　　for the Central District of Illinois

APPROVED AS TO FORM:

| | |
|---|---|
| CARDIOVASCULAR MEDICINE, P.C. | AJAY LABROO, M.D. |
| By: */s/ Matthew P. Pappas* | By: */s/ Martin D. Snyder* |
|     Matthew P. Pappas |     Thomas M. Lynch |
|     Terri L. Martin |     Martin D. Snyder |
| For: | For: |
| PAPPAS & SCHNELL, P.C. | WILDMAN, HARROLD, ALLEN & DIXON LLP |
| 1617-2nd Avenue, Suite 300 | 225 West Wacker Drive |
| Rock Island, IL 61204 | Chicago, IL 60606 |
| Telephone: (309) 788-7110 | Telephone: (312) 201-2000 |
| Facsimile: (309) 788-2773 | Facsimile (312) 201-2555 |
| ATTORNEYS FOR DEFENDANT | Robert Park. |
| | SNYDER PARK & NELSON, P.C. |
| | 1600 Fourth Avenue |
| | Rock Island, Illinois 61201 |
| | Telephone: (309) 786-8497 |
| | Facsimile: (309) 786-0463 |
| | ATTORNEYS FOR PLAINTIFF |

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| **AJAY LABROO, M.D.,** )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>**CARDIOVASCULAR MEDICINE, P.C.,** )<br>An Iowa corporation doing business in )<br>Illinois as a registered foreign corporation, )<br>)<br>Defendant. ) | Case No. 05-4008 |

**AFFIDAVIT OF** _____

I, _____, being duly sworn, state that:

1. My address is _____.

2. I am employed as a _____ by _____ located at _____.

3. I have received a copy of the Stipulated Protective Order entered in the above-captioned case that the Court entered on _____.

4. Having read the Stipulated Protective Order, and having no questions about its terms, I hereby agree to comply with all of the provisions of the Stipulated Protective Order.

5. Pursuant to the Stipulated Protective Order, I will hold in confidence all Confidential Information and materials that are disclosed to me, and will not disclose such information except provided under the terms of the Stipulated Protective Order.

8. I will return all materials marked, designated or identified as "CONFIDENTIAL" which may come into my possession, and documents or things which I may prepare relating thereto, to the attorney for the party who provided the materials to me.

9. I hereby submit to the personal jurisdiction of the United States District Court for

- 6 -

- 7 -

the Central District of Illinois solely for the purpose of enforcement of the Stipulated Protective Order against me in this action, but only upon proper service of process.

Dated: _____          _____
                                                               Signature